# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LEO BOKINS,
  Petitioner,

vs.

STATE OF OHIO,
  Respondent.

Case No. 1:14-cv-314

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

  Petitioner, an inmate in custody at the Petersburg Medium Federal Correctional Institution in Petersburg, Virginia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 4). This matter is before the Court on respondent's motion to dismiss and petitioner's response in opposition. (Docs. 13, 15). For the reasons stated below, the undersigned finds that petitioner's single ground for relief is now moot and respondent's motion to dismiss should be granted.

  In his single ground for relief, petitioner contends that the State of Ohio and the Federal Bureau of Prisons have denied him a speedy trial or hearing to resolve warrants and/or detainers filed against him in the Hamilton County, Ohio courts. (Petition pp. 7–8, Doc. 4 at PageID 39–40). Plaintiff indicates that he was informed that a warrant/detainer was lodged against him in three cases,[1] but that the State of Ohio will not seek custody of him until after the completion of his federal sentence. (Memorandum, p. 1, Doc. 4 at PageID 42). For relief he requests that the detainers or warrants be dismissed against him. (*Id.* at PageID 40).

  Respondent has filed a motion to dismiss the petition. Therein, respondent indicates that, as of the time of filing, two of the three cases in the Hamilton County Municipal Court were resolved. (Motion to Dismiss p. 2, Doc. 13 at PageID 68). Respondent further contends that in

---

[1] Cases C/10/TRD/19670, C/10/CRB/29334, and C/10/TRD/48544.

the remaining case the state court record does not indicate that petitioner filed a demand under the Interstate Act on Detainers and therefore he has failed to exercise, let alone exhaust, his state court remedies. (*Id.*).

On August 25, 2014, petitioner filed a response to the motion to dismiss. (Doc. 15). Petitioner does not dispute that two of the cases against him have resolved. However, petitioner maintains that an illegal detainer is lodged against him in the remaining case, Hamilton County case number C/10/TRD/48544. (*Id.* at PageID 77–78). He requests that any detainers lodged against him in that case be dismissed. (*Id.* at PageID 78).

On October 29, 2014, during the pendency of the motion to dismiss, the Hamilton County Municipal Court issued an Entry of Dismissal of case number C/10/TRD/48544.[2] Because it now appears that the Hamilton County Municipal Court cases upon which petitioner bases his habeas petition have all been resolved, the undersigned **RECOMMENDS** that respondent's motion to dismiss (Doc. 15) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

Respondent's motion dismiss (Doc. 15) be **GRANTED** and petitioner's habeas corpus petition (Doc. 4) be dismissed.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Available at http://www.courtclerk.org/case.asp under case number C/10/TRD/48544.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LEO BOKINS,  Case No. 1:14-cv-314
    Petitioner,

                         Dlott, J.
vs.                        Bowman, M.J.

STATE OF OHIO,
    Respondent.

**NOTICE**

    Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).